UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| RUTH E. POWELL | |
|---|---|
| Plaintiff, | Case No. 23-10741 |
| v. | Honorable Shalina D. Kumar |
| | Magistrate Judge Anthony P. Patti |
| GERSHFELD LAW GROUP, P.C., | |
| Defendant. | |

## RULE 16 SCHEDULING ORDER (PHASE I)

**IT IS THE RESPONSIBILITY OF COUNSEL
TO READ THE ENTIRE ORDER;
PLEASE DOCKET IMMEDIATELY;
NO FURTHER NOTICE OF THESE DATES WILL BE SENT**

| | |
|---|---|
| Exchange of Initial Disclosures under Fed. R. Civ. P 26 (a)(1): | AUGUST 1, 2023 |
| Deadline to Amend Pleadings: | AUGUST 19, 2023 |
| Deadline for identification of all witnesses, including experts: | SEPTEMBER 18, 2023 |
| Reports Pursuant to Fed. R. Civ. P. 26(a)(2)(B) or Disclosures pursuant to Fed. R. Civ. P. 26 (a)(2)(C) by **Plaintiff** experts are due: | OCTOBER 18, 2023 |

1

| | |
|---|---|
| Reports Pursuant to Fed. R. Civ. P. 26(a)(2)(B) or Disclosures pursuant to Fed. R. Civ. P. 26 (a)(2)(C) by **Defendant** experts are due: | NOVEMBER 17, 2023 |
| Rebuttal reports are due: | DECEMBER 16, 2023 |
| Deadline for **completing discovery:** | JANUARY 7, 2024 |
| Status Conference (to be held at the midpoint of discovery): | October 19, 2023 at 10:00am |

PLEASE NOTE: Unless otherwise ordered, the Court issues a blanket referral of all discovery matters to the assigned Magistrate Judge. Before moving for an order relating to discovery, the movant should consult with the assigned Magistrate Judge's chambers on its discovery motion procedures.

Discovery must be served sufficiently in advance of the discovery cutoff to allow the opposing party enough time to respond under the Federal Rules of Civil Procedure prior to the discovery deadline. All discovery motions must be filed prior to the discovery deadline. The only discovery that may be conducted after the discovery cutoff date without leave of the Court is discovery ordered by the Magistrate Judge for which a timely-filed motion was pending before the discovery cutoff date.

For discovery matters addressed by Judge Kumar, a movant must first confer with opposing counsel and then file a request for a conference with the Court, stating that a conference was held with opposing counsel, and outlining the nature of the unresolved dispute. (Fed. R. Civ. P. 16 (b)(3)(B)(v)). Sanctions may be imposed against any party who unreasonably refuses to resolve a discovery dispute.

**Please review the Court's Practice Guidelines for Discovery.**

1. Dispositive Motions **must be filed by**: <u>JANUARY 8, 2024</u>

When filing motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, parties must proceed in accordance with the following:

- Statement of Material Facts on Motion for Summary Judgment.

    (1)   The maker of the motion must include a <u>Statement of Material Facts</u>. In short, concise and numbered paragraphs, the maker of the motion must set forth the material facts that the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for striking the motion or denying it.

    (2)   The party opposing the motion must respond to each numbered paragraph in the moving party's statement. The numbering in the opposing party's response should correspond to the numbering in the motion. The opposing party may add additional paragraphs containing separate, short, and concise statements of additional material facts, if this is necessary to demonstrate there exists a genuine issue to be tried.

    (3)   Each numbered paragraph in the moving party's Statement of Material Facts will be deemed admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement served by the opposing party.

    (4)   Each Statement of Material Fact - whether set forth by the maker of the motion or the party opposing the motion - must be followed by citation to interrogatory answers, depositions, documents, affidavits, declarations, stipulations, admissions, electronically stored information, or other information which would be admissible under Federal Rules of Civil Procedure 56(e), in support of each claim or defense asserted.

- Attached appendices must contain an index and be tabbed.

- Counsel are discouraged from employing lengthy, boilerplate recitations of the summary judgment standard or string citations in support of well-established legal principles. Instead, counsel should focus analysis on a few well-chosen cases, preferably recent and from controlling courts. For cases and other sources cited, the briefs should contain a link to the citation. Cases should not be attached.

**PLEASE NOTE THE FOLLOWING**:

1. The parties may stipulate to extend dates provided there is good cause and the requested extension is reasonable.

2. **Briefing Schedule**: Unless specifically addressed in this Order, the local court rules apply for filing responses and replies to motions.

3. **All briefs** shall comply strictly with LR 7.1 (Statement of Issues, Statement of Controlling/Most Appropriate Authority), and, in addition, must contain a Table of Contents, an Index of Authorities and an Index of Exhibits. The Exhibits must be tabbed. Unpublished cases should be attached. **Counsel are to highlight relevant portions of exhibits to which the Court's attention should be directed.** Furthermore, the format requirements as set forth in LR 5.1 must be strictly adhered to. A courtesy copy will not be required

for any motion unless specifically requested by the Court. Failure to comply with this paragraph may result in rejection of your brief.

4.  **Motion hearings**: Pursuant to L.R. 7.1(e)(2), the Court will decide motions on the briefs filed, **UNLESS** the Court issues a Notice of Motion Hearing.

**THE ABOVE CONSTITUTES AN ORDER OF THIS COURT.**

s/Shalina D. Kumar  
Shalina D. Kumar  
United States District Judge

Dated: JULY 13, 2023